UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16-cv-00056-FDW

| STANLEY C. RUSHTON, SR., | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| vs. | ) | ORDER |
| ROBERT LEWIS, | ) |  |
| Respondent. | ) |  |

**THIS MATTER** is before the Court upon Petitioner Stanley C. Rushton, Sr.'s pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1).

## I. BACKGROUND

Petitioner is a prisoner of the State of North Carolina who, according to his Petition, pled guilty on June 1, 2010, in the Macon County Superior Court to two counts of sexual servitude of a minor and four counts of first degree sexual exploitation of a minor. (Pet. 1, Doc. No. 1.) According to Petitioner, he was sentenced to 560 to 726 months imprisonment. (Pet., supra.) It does not appear from the Petition that he filed a direct appeal.

On 15 December 2015, Petitioner filed a pro se motion for appropriate relief ("MAR") in Macon County Superior Court; it was denied on December 22, 2015. (Order Den. MAR, Pet. Ex. 2, Doc. No. 1-1.) Petitioner sought review of the order denying his MAR by filing a petition for writ of certiorari on January 28, 2016; it was dismissed by the North Carolina Court of Appeals on February 11, 2016 for failure to comply with North Carolina Rule of Appellate Procedure 21(c). (Order Dismissing Cert. Pet., Pet. Ex. 1, Doc. No. 1-1.)

Petitioner filed the instant habeas Petition on March 8, 2016 when he signed and placed it in the prison mail system. (Pet., supra, at 15.) In it, he claims that his sentences should have been run concurrently and that the trial court erred in calculating his prior record level.

After conducting an initial review of the Petition, the Court concluded that it appeared to be untimely. Because Petitioner had not addressed the timeliness issue, the Court provided him an opportunity to explain why the instant § 2254 Petition should not be dismissed as untimely, including any reasons why equitable tolling should apply. (Order, Doc. No. 3 (citing Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002)). Petitioner filed a Response to the Hill Order on September 23, 2016. (Doc. No. 4.)

## II. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1) (A).[1] The limitations period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

Judgment was entered in this case on June 1, 2010, when Petitioner was sentenced. To the extent Petitioner retained a right to a direct appeal subsequent to his guilty pleas, he had 14 days to file the notice of appeal in the North Carolina Court of Appeals. See N.C. R. App. P. 4(a)(2). There is nothing in the record before this Court indicating that Petitioner filed a notice of appeal at all. Therefore, it appears that his conviction became final on or about June 15, 2010,

---

[1] There are three exceptions to this starting date, see § 2244(d)(1)(B)-(D), none of which applies here.

when the time for seeking direct review expired.  See § 2244(d)(1)(A).

The federal statute of limitations then ran for 365 days until it fully expired on or about June 15, 2011, four and a half years before Petitioner filed his MAR in Macon County Superior Court.  Absent equitable tolling, Petitioner's habeas petition is time-barred under § 2244(d)(1)(A).

Equitable tolling of a habeas petition is available only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted).  Under Fourth Circuit precedent, equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotation marks omitted).

In his Response to the Court's Hill Order, Petitioner states that he was unaware of the statute of limitations and that he tried to get his trial attorney and North Carolina Prisoner Legal Services to help him file an MAR.  (Doc. No. 4.)  Taken separately or together, these circumstances do not qualify as "extraordinary."  See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (holding that unfamiliarity with the legal process and lack of legal representation do not constitute grounds for equitable tolling) (citing Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) ("[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted.")).

In short, Petitioner is not entitled to equitable tolling.  Consequently, his habeas Petition

shall be dismissed as untimely.

**IT IS, THEREFORE, ORDERED** that:

1. The 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** as untimely; and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: November 18, 2016

Frank D. Whitney
Chief United States District Judge